**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE ZOOM VIDEO COMMUNICATIONS, INC. STOCKHOLDER DERIVATIVE LITIGATION | Consol. C.A. No.: 20-cv-797-GBW |

## <u>AMENDED REVISED PRELIMINARY APPROVAL ORDER</u>

This matter came before the Court for a hearing on February 6, 2025. Plaintiff Suzanne Flannery has made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of stockholder derivative claims, in accordance with the Stipulation of Settlement dated January 14, 2025 (the "Stipulation"); (ii) approving the form and manner of providing notice of the Settlement to Current Zoom Stockholders; and (iii) setting a date for the Settlement Hearing.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal of the above-captioned, consolidated derivative action, titled *In re Zoom Video Communications, Inc. Stockholder Derivative Litigation* (the "Derivative Action");

WHEREAS, the Court having: (i) read and considered Plaintiff's Unopposed Motion for Preliminary Approval of Stockholder Derivative Settlement together with the accompanying Memorandum of Law; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling Parties in favor of preliminary approval of the Settlement;

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Zoom and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Zoom stockholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.     This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2.     This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3.     A hearing shall be held on July 1, 2025 at 11:00 a.m., before the Honorable Gregory B. Williams, at the U.S. District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Courtroom 6B, Wilmington, Delaware 19801 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Long-Form Notice and Summary Notice fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; and (v) such other matters as the Court may deem appropriate.

4.     The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5.     Within fourteen (14) business days after the entry of this Preliminary Approval Order, Zoom shall cause: (a) the Stipulation and Long-Form Notice to be filed with the SEC along with an SEC Form 8-K or other appropriate filing ("Settlement Form 8-K"), (b) the Summary Notice to be published one time in the national edition of *Investors' Business Daily*, and (c) the Settlement Form 8-K and its attachments to be published on the "Investor Relations" portion of the Company's website, which shall remain posted thereto through at least the Effective Date of the Settlement.

6.     All costs incurred in the filing and publication of the Long-Form Notice and Summary Notice shall be paid by Zoom, and Zoom shall undertake all administrative responsibility for the filing, publication, and posting of the Long-Form Notice and Summary Notice.

7.     At least thirty (30) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the Long-Form Notice and Summary Notice as provided for in paragraph 5 of this Preliminary Approval Order.

8.     All Current Zoom Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current Zoom Stockholders.

9.      Pending final determination of whether the Settlement should be approved, Plaintiff and Current Zoom Stockholders shall not commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10.     Any stockholder of Zoom common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or service awards should not be awarded.  However, no Zoom stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Zoom stockholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, and setting forth proof of current ownership of Zoom stock and ownership of Zoom stock as of January 14, 2025 as well as documentary evidence of when such stock ownership was acquired.

11.     At least fourteen (14) calendar days prior to the Settlement Hearing set for July 1, 2025, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King St., Unit 18, Wilmington, Delaware 19801-3570 and serve such materials by that date, to each of the following Settling Parties' counsel:

*Co-Lead Counsel for Plaintiff:*

ROBBINS LLP
Kevin A. Seely
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
E-mail: kseely@robbinsllp.com

GAINEY MCKENNA & EGLESTON

*Counsel for Defendants:*

COOLEY LLP
Ryan Blair
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5535
E-mail: rblair@cooley.com

Thomas J. McKenna
260 Madison Avenue, 22nd Floor
New York, NY 10016
Telephone: (212) 983-1300
E-mail: tjmckenna@gme-law.com

THE BROWN LAW FIRM, P.C.
Tim Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
E-mail: tbrown@thebrownlawfirm.net

12.     Only stockholders who have filed with the Court and sent to the Settling Parties'
counsel valid and timely written notices of objection will be entitled to be heard at the hearing
unless the Court orders otherwise.

13.     Any Person or entity who fails to appear or object in the manner provided herein
shall be deemed to have waived such objection and shall forever be foreclosed from making any
objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense
Amount and service awards, unless otherwise ordered by the Court, and shall be forever bound by
the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14.     Plaintiff shall file the motion for final approval of the Settlement at least twenty-
eight (28) calendar days prior to the Settlement Hearing.  If there is any objection to the Settlement,
Plaintiff shall file a response to the objection(s) at least seven (7) calendar days prior to the
Settlement Hearing.

15.     All proceedings in the Derivative Action are stayed until further order of the Court,
except as may be necessary to implement the Settlement or comply with the terms of this
Stipulation.

16.     This Court may, for good cause, extend any of the deadlines set forth in this
Preliminary Approval Order without further notice to Zoom stockholders.

17.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18.    The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Zoom stockholders; and (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to Zoom stockholders.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Zoom stockholders.  Any Zoom stockholder (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or "Investor Relations" portion of Zoom's website for any change in date, time, or format of the Settlement Hearing.

**IT IS SO ORDERED.**

DATED: April 21, 2025

_____

HONORABLE GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE